Sara Khosroabadi, Esq. (SBN: 299642)
sara@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:          (619) 233-7770
Office Fax Number:      (619) 297-1022

Attorneys for Robel A. Afewerki

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robel A. Afewerki<br><br>               Plaintiff,<br><br>v.<br><br>Anaya Law Group and Los Angeles Federal Credit Union<br><br>               Defendants. | **Case No: 2:14-cv-07132 RGK (JPRx)**<br><br>**Opposition To Defendant's Motion For Summary Judgment**<br><br>**Date: 8/10/15**<br>**Time: 9:00 AM**<br><br>**Judge: Hon. R. Gary Klausner** |

# Table Of Contents

I.   Introduction .................................................................................................2

II.  Argument .....................................................................................................3

    A.   Defendants repeatedly claim they simply made a "mistake" when they alleged the wrong interest rate in their state action. However, since the law is strict liability, this argument must fail .................................................................5

    B.   The violations alleged by the plaintiff are material ................................8

    C.   By alleging that Plaintiff owed money pursuant to money lent, Defendants alleged that money was owed when it was not ...................................................10

    D.   California's Rosenthal Act applied to Anaya Law Group  ......................11

    E.   The 15 day "cure" under the California Rosenthal Act .............................19

III.  Conclusion.................................................................................................20

HYDE & SWIGART
San Diego, California

1 **Table Of Authorities**

2 **Cases**

3 *Abels v. JBC Legal Group, P.C.,*

4     227 F.R.D. 541 (N.D. Cal. 2005) ..................................................................11

5 *Abels v. JBC Legal Group, P.C,*

6     227 F.R.D. 541, 548 (N.D. Cal. 2005) ........................................................13

7 *Abels v. JBC Legal Group, P.C.,*

8     227 F.R.D. at 547-48 ...............................................................................9,12

9 *Arc Ecology v. United States Dep't of the Air Force,*

10     411 F.3d 1092, 1099-1100 (9th Cir. 2005) .................................................11

11 *Arnett v. Dal Cielo,*

12     (1996) 14 Cal. 4th 4, 22 [56 Cal. Rptr. 2d 706, 923 P.2d 1] ....................16

13 *Baker v. G.C. Services Corp,*

14     677 F.2d 775, 778 (9th Cir. 1982) ..............................................................16

15 *Boudette v. Barnette,*

16     923 F.2d 754, 756-57 (9th Cir. 1990) .........................................................12

17 *Briggs v. Eden Council for Hope & Opportunity,*

18     19 Cal. 4th 1106, 1118 (Cal. 1999) .............................................................16

19 *Buffington v. Ohmert,*

20     253 Cal. App. 2d 254, 256 (Cal. App. 2d Dist. 1967)...............................10

21 *Butler v. International Collection Services, Inc.,*

22     1989 U.S. Dist. LEXIS 19102, N-88-302 (PCD), 15 Conn. L. Trib. 27, at p. 25....................5

23 *Cacace v. Lucas,*

24     775 F. Supp. 502 (D. Conn. 1990) ................................................................4

25 *Cacace v. Lucas,*

26     775 F. Supp. 502, 505-06 (D. Conn. 1990)................................................4, 5, 7

27 *Camacho v. Bridgeport Fin., Inc.,*

28     523 F.3d 973, 978 (9th Cir. 2008) ................................................................4

HYDE & SWIGART
San Diego, California

**Table Of Authorities**

**(continued)**

*Carney v. Rotkin,*

    206 Cal. App. 3d 1513 (Cal. App. 2d Dist. 1988)..........................................13, 19

*Carney v. Rotkin*

    206 Cal. App. 3d 1513, 1526 (Cal. App. 2d Dist. 1988)................................19

*Claiborne v. Wisdom,*

    414 F.3d 715 (7th Cir. 2005)...........................................................................18

*Clark v. Capital Credit & Collection Services, Inc.,*

    460 F.3d 1162 (9th Cir. 2006)...........................................................................6

*Clark v. Capital Credit & Collection Servs.,*

    460 F.3d 1162, 1176 (9th Cir. Or. 2006) ..........................................................4

*Donohue v. Quick Collect, Inc..,*

    592 F.3d 1027 (9th Cir. Wash. 2010) ...............................................................9

*Donohue v. Quick Collect, Inc.,*

    592 F.3d 1027, 1034 (9th Cir. Wash. 2010) .....................................................9

*Donohue v. Quick Collect, Inc..,*

    592 F.3d at 1033.................................................................................................9

*Donohue v. Quick Collect, Inc..,*

    592 F.3d at 1034.................................................................................................9

*FTC v. Alaska Land Leasing, Inc.,*

    799 F.2d 507 , 510 (9th Cir. 1986) .................................................................18

*Gerber v. Citigroup, Inc.,*

    2009 U.S. Dist. LEXIS 11657 (E.D. Cal. Jan. 28, 2009)................................13

*Gikas v. Zolin.,*

    6 Cal. 4th 841, 852 [25 Cal. Rptr. 2d 500, 863 P.2d 745].............................14

**HYDE & SWIGART**
San Diego, California

**Table Of Authorities**

**(continued)**

*Gonzales v. Arrow Fin. Servs., LLC,*

660 F.3d 1055, 1061 (9th Cir. Cal.2011)...................................................4

*In re Apple Computer Secs. Litig.,*

886 F.2d 1109, 1113 (9th Cir. 1989)....................................................10

*In re Cervantes,*

219 F.3d 955, 961 (9th Cir. 2000) .....................................................16

*In re Gerwer,*

898 F.2d 730, 732 (9th Cir. 1990) .....................................................12

*In re McLinn,*

744 F.2d 677, 683 (9th Cir. 1984) .....................................................12

*Kimber v. Federal Financial Corp.,*

668 F. Supp. 1480 (M.D. Ala. 1987) ..................................................11

*Klein v. United States of America,*

50 Cal. 4th 68, 80 (Cal. 2010)..........................................................18

*Lillywhite v. Superior Court of County of Los Angeles,*

80 Cal. App. 533 (Cal. App. 1926)....................................................17

*McCollough v. Johnson, Rodenburg & Lauinger, LLC,*

637 F.3d 939, 947 (9th Cir. Mont. 2011)...............................................2

*McCollough v. Johnson, Rodenburg & Lauinger, LLC,*

637 F.3d 939, 948 (9th Cir. 2011) ......................................................3

*McCollough v. Johnson, Rodenburg & Lauinger, LLC,*

637 F.3d 939, 949 (9th Cir. Mont. 2011)...............................................6

*McCollough v. Johnson, Rodenburg & Lauinger, LLC,*

637 F.3d 939, 950-951 (9th Cir. Mont. 2011) .........................................8

HYDE & SWIGART
San Diego, California

**Table Of Authorities**

**(continued)**

*McCollough v. Johnson, Rodenburg & Lauinger, LLC,*

   637 F.3d 939, 952 (9th Cir. Mont. 2011)...................................................3

*McCollough v. Johnson, Rodenburg & Lauinger, LLC,*

   637 F.3d 939, 956-957 (9th Cir. Mont. 2011) ........................................10

*McGowan v. King, Inc,*

   661 F.2d 48, 51 (5th Cir. 1981) ............................................................8

*Miranda,*

   2011 U.S. Dist. LEXIS 55180, at *19-20 .............................................12

*Miranda v. Law Office of D. Scott Carruthers,*

   2011 U.S. Dist. LEXIS 55180 (E.D. Cal. May 23, 2011)........................13

*Moriarity v. Henriques,*

   2011 U.S. Dist. LEXIS 90442, *13-15 (E.D. Cal. Aug. 15, 2011) ...........13

*Navarro v. Eskanos & Adler.,*

   2007 U.S. Dist. LEXIS 15046, *12-13 (N.D. Cal. Feb. 20, 2007) ..........13

*Owens v. Brachfeld,*

   2008 U.S. Dist. LEXIS 63701, *9 (N.D. Cal. Aug. 19, 2008).................13

*Owings v. Hunt & Henriques,*

   2010 U.S. Dist. LEXIS 91819 (S.D. Cal. Sept. 3, 2010).......................13

*Patzka v. Viterbo College,*

   917 F. Supp. 654, 658-59 (W.D. Wis. 1996).........................................4

*People v. Johnson,*

   47 Cal. 3d 576, 593 (Cal. 1988).........................................................14

*Reichert v. Nat'l Credit Sys.,*

   531 F.3d 1002, 1005 (9th Cir. Ariz. 2008) .........................................3, 6

HYDE & SWIGART
San Diego, California

**Table Of Authorities**

**(continued)**

*Reichert v. Nat'l Credit Sys.,*
  531 F.3d 1002, 1005-1006 (9th Cir. Ariz. 2008).........................................6

*Reichert v. Nat'l Credit Sys.,*
  531 F.3d 1002, 1005-07 (9th Cir. Ariz. 2008)............................................6

*Reichert v. Nat'l Credit Sys.,*
  531 F.3d 1002, 1007 (9th Cir. Ariz. 2008) ................................................7

*Reimann v. Brachfeld,*
  2010 U.S. Dist. LEXIS 131727 (N.D. Cal. Dec. 13, 2010).....................13

*Reiter v. Sonotone Corp.,*
  442 U.S. 330, 339, 99 S. Ct. 2326, 60 L. Ed. 2d 931 (1979)..................16

*Renee J. v. Superior Court,*
  26 Cal. 4th 735 (Cal. 2001)......................................................................17

*Reno v. Baird,*
  (1998) 18 Cal. 4th 640, 658 [76 Cal. Rptr. 2d 499, 957 P.2d 1333] .......16

*Riggs v. Prober & Raphael,*
  681 F.3d 1097, 1100 (9th Cir. 2012) ..........................................................5

*Robinson v. Managed Accounts Receivable Corp.,*
  654 F. Supp. 2d 1051, 1061 (C.D. Cal. 2009)..........................................13

*Robinson,*
  654 F.Supp.2d at 1061...............................................................................12

*Russell v. Equifax A.R.S.,*
  74 F.3d 30, 36 (2d Cir. 1996) .....................................................................4

*Security Pac. Nat'l Bank v. Resolution Tr. Corp.,*
  63 F.3d 900, 904 (9th Cir. 1995) ..............................................................18

**Table Of Authorities**

**(continued)**

*Silva v. Jason Head, PLC,*

　2010 U.S. Dist. LEXIS 121557 (N.D. Cal. 2010)...................................................13

*Tourgeman v. Collins Fin. Servs.,*

　2011 U.S. Dist. LEXIS 81070, *17 (S.D. Cal. July 26, 2011)...................................9

*Turner v. J.V.D.B. & Assocs., Inc,*

　330 F.3d 991, 995 (7th Cir. 2003) ..........................................................................4

*United Stars Indus. v. Plastech Engineered Prods.,*

　525 F.3d 605 (7th Cir. Wis. 2008) ........................................................................18

*Warren v. Sessoms & Rogers, P.A.,*

　676 F.3d 365, 374 (4th Cir. N.C. 2012)...................................................................9

*Wildlife Alive v. Chickering,*

　18 Cal. 3d 190, 195 (Cal. 1976) ...........................................................................14


**Statutes**

California Civil Code § 47 ......................................................................................19

California Civil Code §§ 1788-1788.32...................................................................3

California Civil Code § 1788.2(c) ....................................................12, 14, 17, 19

California Civil Code § 1788.16 .............................................................................17

California Civil Code § 1788.17 ..............................................................................5

15 U.S.C § 1692 *et seq.* ..........................................................................................3

15 U.S.C. §1692a(6) ..............................................................................................12

15 U.S.C. § 1692e ....................................................................................................9

15 U.S.C. § 1692f(1) .......................................................................................5, 6, 9

HYDE & SWIGART
San Diego, California

15 U.S.C. § 1692k ....................................................................................................4

15 U.S.C. § 1692k(c) ........................................................................................4, 5, 6

28 U.S.C. 1927 .....................................................................................................18

California Business and Professions Code § 6450 ................................................15

California Environmental Quality Act of 1970 (CEQA) (Pub. Resources Code, § 21000 et seq.)

.............................................................................................................................14

CEQA Pub. Resources Code, §§ 21085, 21172 ...................................................14

CEQA Water. Code, § 13389 ...............................................................................14

California Insurance Code § 750.5 ........................................................................15

California Insurance Code § 12903.1 ....................................................................15

California Public Contract Code § 10353.5 ..........................................................15

Bus. & Prof. Code § 6077.5 .................................................................................19

**Rules**

Code Civil Procedure, § 339 ................................................................................10

**Other**

Emanuel J. Turnbull, Account Stated Resurrected: The Fiction of Implied Assent in Consumer Debt Collection,

   *38 Vt. L. Rev. 339 (2013)*.....................................................................................2

Harvard Law Review, Improving Relief from Abusive Debt Collection Practice,

   *127 Harv. L. Rev. 1447 (2014), FN 11* ................................................................2

HYDE & SWIGART
San Diego, California

## I.     Introduction

Most lawsuits against debtors result in default judgments, primarily because debt buyers, as *pro se* litigants, are unfamiliar with the legal process. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 947 (9th Cir. Mont. 2011). ("[A] vast majority" of JRL's lawsuits against debtors result in default judgments because JRL tries its cases without consideration for the *pro se* status of most of its defendant-debtors.) This "factory" approach of "mass producing default judgments" often causes errors to occur. *Id.*, at 947.   (The "factory approach" of "mass producing default judgments," rather than any mistake, causes debt collectors to prosecute the time-barred debts and pursue unlawful attorney's fees."); See also, *Emanuel J. Turnbull, Account Stated Resurrected: The Fiction of Implied Assent in Consumer Debt Collection*, 38 Vt. L. Rev. 339 (2013).  Empirical evidence shows that debt buyers often assume that consumers will fail to show up to contest the case, and that this assumption is largely valid.  *Harvard Law Review, Improving Relief from Abusive Debt Collection Practice*, 127 Harv. L. Rev. 1447 (2014), FN 11. (Citing a New York City study showing that defendants appear for only 7.6% of these cases.)  (Once the debt buyer obtains the default judgment, it can thereafter garnish wages and attach property and bank accounts.)

Since nearly all consumers default when sued in state court, it is very tempting for debt collectors to exaggerate their claims, as when the nearly inevitable default takes place there is no one around to object, except the debt collector, who of course does not do so.  Especially tempting to debt collectors is to exaggerate interest rates that are often complex difficult to spot by over-worked judges.  That is what happened here.

However, Anaya and the Los Angeles Federal Credit Union now argues that they should excused for their false allegations because, they claim, they made a "mistake." Conveniently, Plaintiffs' "mistake" benefitted only Plaintiffs.  Plaintiffs' argument is that it is reasonable to require financially distressed consumers to hire

attorneys, who must then review documents and file motions to get these "mistakes" corrected, and then not compensate the consumer for the expense involved.

Beside the fact that this claim of "mistake" is legally irrelevant, as the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act") are strict liability, this claim of a mistake is also unsubstantiated. Anaya also now hopes to mislead this court by stating it "**immediately corrected**" this "mistake," suggesting it was Defendants, and not the plaintiff, who discovered the false statement and then, in good faith, chose to voluntarily correct it.   Def.'s Opening Brief, p. 2:7.

Further, Defendants also claim the issue is "immaterial."   *Id*.  Plaintiff cannot help but wonder how Defendants can claim on the one had that the issue complained of here is "immaterial," yet be so material that Defendants felt compelled to file court documents to "immediately correct" this "immaterial" problem. Def.'s Opening Brief, p. 2:7.    Further still, this supposed mistake by Defendants was only *partially corrected*, and then only after the plaintiff forced this to be done by incurring the expense of retaining an attorney who then forced this interest rate to be corrected.  Had Mr. Afewerki not done what few consumers do - hire an attorney, Defendants would today would be more than $3,000.00 richer, which is far from "immaterial."

## I.    Argument

The FDCPA imposes strict liability on debt collectors, including liability for violations that are not knowing or intentional. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. Mont. 2011), citing *Reichert v. Nat'l Credit Sys.*, 531 F.3d 1002, 1005 (9th Cir. Ariz. 2008).

> "The FDCPA does not ordinarily require proof of intentional violation, and is a strict liability statute. See *McCollough v.*

*Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). Though the Federal Trade Commission ("FTC") is empowered to enforce the FDCPA, 15 U.S.C. § 1692k, Congress encouraged private enforcement by permitting aggrieved individuals to bring suit as private attorneys general. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)."

*Gonzales v. Arrow Fin. Servs.*, LLC, 660 F.3d 1055, 1061 (9th Cir. Cal.2011).

The Ninth Circuit has warned that requiring conduct by debt collectors to be knowing or intentional must be avoided as doing so "needlessly renders superfluous 15 U.S.C. § 1692k(c)." See *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1176 (9th Cir. Or. 2006), citing *Turner v. J.V.D.B. & Assocs., Inc*, 330 F.3d 991, 995 (7th Cir. 2003) (holding that an unintentional misrepresentation that a debtor was obligated to pay a debt discharged in bankruptcy violated FDCPA); *Patzka v. Viterbo College*, 917 F. Supp. 654, 658-59 (W.D. Wis. 1996) (holding that an unintentional attempt to collect a fee prohibited by law violated FDCPA). *Russell v. Equifax A.R.S.*, 74 F.3d 30, 36 (2d Cir. 1996) (holding that sending contradictory notices violated the FDCPA even though plaintiff did not offer proof of intent); *Cacace v. Lucas*, 775 F. Supp. 502, 505-06 (D. Conn. 1990) (holding that an overstatement of debt "that was a mistake" violated FDCPA.)

In *Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990), an FDCPA case remarkably similar to the case here, an attorney "overstated the amount owed by the plaintiffs." *Id.*, 775 F. Supp. 505. There, as here, the defendant admitted to overstating the amount alleged to be owed and claimed, as here, that this was due to a "mistake" by the defendant. *Id*. ("The defendant admits that the figure "was a mistake."") The *Cacace* court held that this violated the FDCPA, and made the point that Plaintiff makes here; mistake or not, this claim is irrelevant.

The FDCPA, however, only precludes liability for an unintentional violation if the defendant has shown by "a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the

maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). See. e.g., *Butler v. International Collection Services, Inc.*, 1989 U.S. Dist. LEXIS 19102, N-88-302 (PCD), 15 Conn. L. Trib. 27, at p. 25. No attempt at such showing has been made here.

*Cacace v. Lucas*, 775 F. Supp. 502, 505-506 (D. Conn. 1990).

### A.  Defendants repeatedly claim they simply made a "mistake" when they alleged the wrong interest rate in the state action.  However, since the law is strict liability, this argument must fail.

Contrary to what it might seem, this is a very simple case.  However, the defendants attempt to obfuscate this issues by arguing about a number of irrelevant topics.  One of them is the idea that a debt collector, when caught with his hand in the cookie jar, can simply claim "we made a mistake."

Here it is undisputed that on or about May 6, 2014, while trying to collect a consumer debt alleged to be owed by Afewerki, the defendants sued Afewerki in state court and alleged that interest was owed for that debt that was not actually owed.  Def.'s Opening Brief, p. 2:7.   This state lawsuit was served directly upon Mr. Afewerki, and at the time Mr. Afewerki was not represented by counsel.  Decl. of Robel A. Afewerki, ¶¶ 4 and 5.

The FDCPA, pursuant to 15 U.S.C. § 1692f(1), provides that collecting "an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt,") violates the law.  California's Rosenthal Act, pursuant to Cal. Civ. Code § 1788.17 as the Rosenthal Act incorporates 15 U.S.C. § 1692f(1), provides the same.  See *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) ("The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements, including [§ 1692e], and makes available the FDCPA's remedies for violations.") (citing Cal. Civ. Code § 1788.17).  Here the defendants admit that they did just that.

The Ninth Circuit has found that "Section 1692f(1) prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt."

including "[t]he collection of any amount (including any interest, fee, charge, or expense …) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." See [*Reichert v. Nat'l Credit Sys.*, 531 F.3d 1002 (9th Cir. Ariz. 2008)] at 1005-07 (violation of § 1692f(1) arising from a debt collector's imposition of an unlawful charge for attorney's fees)." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 949 (9th Cir. Mont. 2011). Further, "The FDCPA makes debt collectors liable for violations that are not knowing or intentional. See [*Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006) & n11]. It provides a "narrow exception to strict liability," however, for bona fide errors. *Id*. at 1177." *Reichert v. Nat'l Credit Sys.*, 531 F.3d 1002, 1005 (9th Cir. Ariz. 2008). The statutory bona fide error defense provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). "In concluding that the FDCPA imposes strict liability, we reasoned in *Clark* that allowing a debt collector to escape liability for unintentional violations would render the bona fide error defense superfluous. 460 F.3d at 1176." *Reichert v. Nat'l Credit Sys.*, 531 F.3d 1002, 1005-1006 (9th Cir. Ariz. 2008).

In the case here, Defendants not only expressly waive this narrow exception (Exhibit C to Declaration of Sara Khosroabadi), but when asked about the possibility that the bona fide error defense might apply here, Defendants insisted it did not, thereby waiving the defense, and thereafter refused to provide plaintiff's counsel with any discovery as to that topic. Exhibit B to Declaration of Sara Khosroabadi. Instead, Defendants simply insist they made a mistake.

However, the Ninth Circuit has already rejected such a claim.

If the bona fide error defense is to have any meaning in the

context of a strict liability statute, then a showing of "procedures reasonably adapted to avoid any such error" must require more than a mere assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error. [case omitted]  Only then is the mistake entitled to be treated as one made in good faith.  Because NCS submitted only a conclusory declaration stating that it maintained procedures, we hold that it failed to establish a bona fide error defense under the FDCPA.

*Reichert v. Nat'l Credit Sys.*, 531 F.3d 1002, 1007 (9th Cir. Ariz. 2008).

Here Defendants never asserted the bona fide error defense in their answer. Exhibit C to Declaration of Sara Khosroabadi.  Defendants then went so far as to expressly waive the defense after plaintiff's counsel suggested they might want to invoke it, if it were true a mistake was made here Exhibit B to Declaration of Sara Khosroabadi.  As to "procedures reasonably adapted to avoid any such error," when asked in discovery to provide some evidence of possible procedures, Defendants refused to provide anything, again insisting the bona fide error defense was not asserted, and therefore not relevant. *Id*.  Instead, the defendants simply argue what the defendants argued in *Cacace* - "we made a mistake."  Def.'s Opening Brief, p. 2:1-13.

While Afewerki believes that this alleged "mistake" is not a mistake at all, but a pattern and practice designed to increase the amount awarded by state courts when debtors default, that issue today not relevant.   When a debt collector overstates what is owed, this violates the FDCPA.  *Cacace v. Lucas*, 775 F. Supp. 502, 505-06 (D. Conn. 1990) (holding that an overstatement of debt "that was a mistake" violated FDCPA.)   By admitting that they demanded an amount in the state case that was not owed, the defendants have admitted to liability, and by waiving the bona fide error, the defendants have ended the story.

This case should have settled long ago.   However, the defendants simply refuse to accept reality.

> [The consumer's] counsel did not inflate this small case into a large one; its protraction resulted from the stalwart defense. And although defendants are not required to yield an inch or pay a dime not due, they may by militant resistance increase the exertions required of their opponents and thus, if unsuccessful, be required to bear that cost.

*McGowan v. King, Inc.* 661 F.2d 48, 51 (5th Cir. 1981).

### B.   The violations alleged by the plaintiff are material.

As a threshold matter, the Ninth Circuit has held that false, deceptive, and misleading representations within complaints and discovery violate the FDCPA. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 950-951 (9th Cir. Mont. 2011).   Defendants admit that they conducted themselves in a manner that violates the FDCPA and California's Rosenthal Act, but claim they simply made a "mistake."  If that does not work, the defendants also hope to also argue that their violations are "immaterial."

In their motion, Defendants repeatedly reference the "Notice or Errata" that they filed in the state action.  Plaintiff has attached a true and correct copy of this "Notice of Errata" here as Plaintiff's Exhibit A.    In Plaintiff's Exhibit A, Defendants admit that they originally demanded $29,916.08.  They then admit that this demand was not what was actually owed, claiming, instead, that what was owed was $26,916.08, three thousand dollars ($3,000.00) less than originally demanded.   They also demanded the wrong interest rate on this debt, demanding 9.965%, when actually 9.65% was what was owed.   Id.   This means that amount originally demanded by the defendants (before the plaintiff retained an attorney) was reduced by more that $3,000 once an attorney was retained by the plaintiff and this attorney demanded that a correct figure be produced.

The violation here would have cost the plaintiff over $3,000, a figure Defendants now claim is "is entirely immaterial."   Def.'s Opening Brief, pp. 2-5, (Section II.)    Such an argument is nonsense, and lacks any legal support whatsoever.  Further, the conduct Defendants engaged in here is *expressly cited* by

the Ninth Circuit as an example of conduct that actually *does* violate the FDCPA.

In 2010 the Ninth Circuit held that simply reversing two labels in a debt collection letter, while technically "false," under 15 U.S.C. § 1692e, is not material or actionable under the FDCPA. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. Wash. 2010).   In *Donohue*, a debt collector accurately set forth the total sum owed by the consumer, but in the process transposed two labels.  The Ninth Circuit held that the state court complaint at issue did not violate the FDCPA because it "sought recovery of sums to which Quick Collect was clearly and lawfully entitled," even though it incorrectly labeled the $32.89 amount sought as 12% interest on principal, rather than correctly labeling it as finance charges imposed by the creditor and post-assignment interest."   *Donohue*, 592 F.3d at 1033.    That harmless conduct is not even remotely similar to what happened here.

As the Ninth Circuit held in *Donohue*, the case Defendants look to in an effort to save them from liability, "reporting interest in one line item rather than another (or in two line items) harms no one and … may well assist some people." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. Wash. 2010). However, here the defendants engaged in the very conduct the Ninth Circuit stated *would* materially violate the FDCPA.  "A dollar due is a dollar due.  **Applying an incorrect rate of interest would lead to a real injury**; reporting interest in one line item rather than another (or in two line items) harms no one and, for the reasons we have given, may well assist some people.")  *Donohue*, 592 F.3d at 1034 (bold face added.).    "Applying an incorrect rate of interest" is exactly what Defendants did here, and this incorrect rate of interest, along with the incorrect principle, resulted in a demand for $3,000 more than what was allegedly owed, a very material violation.

Further still, when a debt collector conducts itself in a manner that is expressly prohibited by enumerated language in the FDCPA, as here pursuant to 15 U.S.C. § 1692f(1), materiality is not an issue that may be considered by the court as Congress

1   has already determined that such conduct is material by drafting the statute, and it is
2   not within the courts purview to overrule that determination.  *Warren v. Sessoms &*
3   *Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. N.C. 2012) (When the FDCPA expressly
4   prohibits certain specific conduct, the materiality argument has "no impact" on the
5   consumer's allegations.)

6       Finally, even if the defendants could establish a colorable argument
7   concerning materiality, where there is a colorable argument that a violation of the
8   FDCPA might not be material, the final determination as to materiality must be left
9   to a jury.  *Tourgeman v. Collins Fin. Servs.*, 2011 U.S. Dist. LEXIS 81070, *17
10  (S.D. Cal. July 26, 2011) (Rejecting that materiality under the FDCPA is an issue
11  for the court to consider in a motion to dismiss.  "Materiality is a fact-specific issue
12  that should ordinarily be left to the trier of fact."  *In re Apple Computer Secs. Litig.*,
13  886 F.2d 1109, 1113 (9th Cir. 1989)").  Here however a jury is unneeded as no
14  reasonable jury could ever conclude that trying to collect over $3,000 more than is
15  actually owed is immaterial.

16  **C. By alleging that Plaintiff owed money pursuant to money lent,**
17  **    Defendants alleged that money was owed when it was not.**

18      An allegation for the common count of money lent is an allegation based not
19  in written contract, but in *assumpsit* - a quasi-contract.  "A claim based on "a
20  contract, obligation or liability not founded upon an instrument of writing" must be
21  filed within two years *of accrual*.  *Code Civ. Proc., § 339*.  *Buffington v. Ohmert*,
22  253 Cal. App. 2d 254, 256 (Cal. App. 2d Dist. 1967) ("The evidence clearly
23  supports the conclusion that, prior to this suit, more than two years had elapsed
24  since the last of the loans became payable."  Consequently, the suit was time-
25  barred.)  Here the evidence demonstrates that more than two years had elapsed
26  since much of the loans became payable.   Decl. of Robel A. Afewerki, ¶ 6.
27  Consequently, because the defendants demanded 10% interest on the entire amount,
28  and not just the amount allegedly owed within the two year statute of limitations,

most of that demanded under the common law theory of "money lent" was time barred.   Time barred allegations violate the FDCPA.   *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 956-957 (9th Cir. Mont. 2011); *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987).

Further still, here the defendants fail to establish that whatever it relies on for this claim was accrued within this two year statute of limitations.   Even more compelling, here, at a hearing in state court, on July 16, 2015, fourteen months after filing their action against Plaintiff in state court and alleging that Plaintiff owed 10% interest, the court dismissed Defendants' claims as to "money lent" and the 10% interest as their was no merit to the allegations, and subsequently the 10% interest alleged, was meritless.   Decl. of Alex Lim ¶ 7.   Consequently, Defendants' now dismissed claim pursuant to their money lent allegation violates the FDCPA and California's Rosenthal Act.

### D.   California's Rosenthal Act applies to Anaya Law Group.

In *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541 (N.D. Cal. 2005), the court addressed this issue in a very well thought out decision, and made the point Plaintiff argues here.   There the court noted that while the Rosenthal Act applies to attorneys, it is silent as to "law firms."

> The statute merely states that it does not apply to [an] "attorney" or "counselor at law"; it does not outright exclude "law firms". Since the legislature specifically excluded attorneys from the statute but was silent on law firms, this Court presumes that the legislature did not intend to exclude law firms. In addition, taken the allegations from Plaintiff's Complaint as true, Defendant [law firm], in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection using form letters sent through the United States Postal Office, Defendant [law firm] is a "debt collector" as defined by [California's Rosenthal Act].

That is exactly the case here.   In *Abels* the court applied the legal axiom of *expressio unius est exclusio alterius*, "which teaches that omissions are the

HYDE & SWIGART
Consumer Protection Attorneys

equivalent of exclusions when a statute affirmatively designates certain persons, things, or manners of operation. [citations]"  See also, *Arc Ecology v. United States Dep't of the Air Force*, 411 F.3d 1092, 1099-1100 (9th Cir. 2005) ("omissions are the equivalent of exclusions when a statute affirmatively designates certain persons, things, or manners of operation."); *Boudette v. Barnette*, 923 F.2d 754, 756-57 (9th Cir. 1990) (same); *In re McLinn*, 744 F.2d 677, 683 (9th Cir. 1984) (same).  *In re Gerwer*, 898 F.2d 730, 732 (9th Cir. 1990) ("The express enumeration [of an exception] indicates that other exceptions should not be implied.").

The California legislature provided an exception to the Rosenthal Act.  Cal. Civ. Code § 1788.2(c) provides that the term "debt collector" does not include "an attorney or counselor at law," but says nothing about a law firm.  As the court in *Abels* points out, "[s]ince the legislature specifically excluded attorneys from the statute but was silent on law firms, [it is presumed] that the legislature did not intend to exclude law firms."

Courts throughout the Ninth Circuit have held that California's Rosenthal Act applies to law firms.

> Notably, [California's Rosenthal Act] excludes attorneys from the definition of "debt collectors" while the FDCPA does not. Compare Cal. Civ. Code § 1788.2(c) ("the term … does not include an attorney or counselor at law") with 15 U.S.C. §1692a(6). On the other hand, district courts throughout the Ninth Circuit have found that a law firm is a "debt collector" within the meaning of [California's Rosenthal Act]:

> > The statute merely states that it does not apply to 'attorney' or 'counselor at law;' it does not outright exclude law firms. Since the legislature specifically excluded attorneys from the statute but was silent with respect to law firms, this Court presumes that the legislature did not intend to exclude law firms.

> *Abels*, 227 F.R.D. at 547-48; see also *Robinson*, 654 F.Supp.2d at 1061; *Miranda*, 2011 U.S. Dist. LEXIS 55180, at *19-20.

> Consequently, though Plaintiff is unable to assert [Rosenthal
> Act] claims against Janalie Henriques, she has stated a
> cognizable claim for a violation of [California's Rosenthal Act]
> against the law firm of Hunt & Henriques.

*Moriarity v. Henriques*, 2011 U.S. Dist. LEXIS 90442, *13-15 (E.D. Cal. Aug. 15, 2011).   See also, *Navarro v. Eskanos & Adler*, 2007 U.S. Dist. LEXIS 15046, *12-13 (N.D. Cal. Feb. 20, 2007) ("The statute makes clear that it does not apply to attorneys. The statute was silent, however, on law firms, and thus they can be debt collectors under the Rosenthal Act."); *Owens v. Brachfeld*, 2008 U.S. Dist. LEXIS 63701, *9 (N.D. Cal. Aug. 19, 2008) (Since the legislature specifically excluded attorneys from the statute but was silent with respect to law firms, the Court presumes that the legislature did not intend to exclude law firms.); *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1061 (C.D. Cal. 2009) (California courts have ruled that while the Rosenthal Act clearly excludes lawyers, it does not exclude law firms.); *Silva v. Jason Head, PLC*, 2010 U.S. Dist. LEXIS 121557 (N.D. Cal. 2010); ("Nevertheless, [the law firm sued here] still liable because law firms are not exempted. *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 548 (N.D. Cal. 2005) ("Since the legislature specifically excluded attorneys from the statute but was silent on law firms, this Court presumes that the legislature did not intend to exclude law firms."); *Reimann v. Brachfeld*, 2010 U.S. Dist. LEXIS 131727 (N.D. Cal. Dec. 13, 2010) (Law firms are not shielded from liability under the Rosenthal Act.); *Miranda v. Law Office of D. Scott Carruthers*, 2011 U.S. Dist. LEXIS 55180 (E.D. Cal. May 23, 2011) (Defendant law firm is a debt collector under Rosenthal Act.);   See, *Gerber v. Citigroup, Inc.*, 2009 U.S. Dist. LEXIS 11657 (E.D. Cal. Jan. 28, 2009) (Only individual attorneys are not cover by the Rosenthal Act.), *but see*, *Owings v. Hunt & Henriques*, 2010 U.S. Dist. LEXIS 91819 (S.D. Cal. Sept. 3, 2010) (The court held that dismissal of the claim was proper as to all defendants because attorneys are not subject to the Rosenthal Act, citing, *Carney v. Rotkin*, 206 Cal. App. 3d 1513 (Cal. App. 2d Dist. 1988)

1   (Overturned on other grounds)).

2

3        California state courts have held the same, providing that "[t]he expression of
4   some things in a statute necessarily means the exclusion of other things not
5   expressed." *Gikas v. Zolin* (1993) 6 Cal. 4th 841, 852 [25 Cal. Rptr. 2d 500, 863 P.
6   2d 745].   As the Supreme Court of California has stated, "Under the familiar rule
7   of construction, *expressio unius est exclusio alterius*, where exceptions to a general
8   rule are specified by statute, other exceptions are not to be implied or presumed."
9   *Wildlife Alive v. Chickering*, 18 Cal. 3d 190, 195 (Cal. 1976)).   "Under the doctrine
10  of *expressio unius est exclusio alterius* we must infer that the listing of terms and
11  conditions is complete, and that there are no additional requirements which bind
12  petitioner." *People v. Johnson* 47 Cal. 3d 576, 593 (Cal. 1988)(reversed on other
13  grounds).

14        In *Wildlife*, the Supreme Court of California looked at whether the California
15  Environmental Quality Act of 1970 (CEQA) (Pub. Resources Code, § 21000 et
16  seq.) applied to California's Fish and Game Commission (the commission).
17  Looking to the maxim, *expressio unius est exclusio alterius*, the court rejected the
18  commission's argument that they were exempt from the Code, noting that the
19  CEQA provides no express exemption for the commission, and that "the Legislature
20  has provided for a number of specific exemptions from CEQA (e.g., Pub. Resources
21  Code, §§ 21085, 21172; Wat. Code, § 13389), none of which are expressly
22  applicable to the commission." *Id.*, at 195.   This is the same situation here.  While
23  the Rosenthal Act *does* exempt attorneys and counselors at law from some coverage
24  it provides *no exemption* whatsoever to law firms.

25        Further, the California legislature appears to have been silent on the issue of
26  law firms for a reason; because it *only* wants to exclude "an attorney or counselor at
27  law," and *not* law firms, and then only when such an attorney "composes and sells,
28  or offers to compose and sell, forms, letters, and other collection media used or

intended to be used for debt collection."   Cal. Civ. Code § 1788.2(c).   This is evidenced by the fact that the California legislature has always expressly included "law firms" in statutes when it *wanted* to include law firms in the statute's language.  A mere sample is as follows:

California Insurance Code § 750.5 provides that:

> Nothing in Section 750 of the Insurance Code, Section 549 of the Penal Code, or Section 3215 of the Labor Code shall be construed to prevent **an attorney or law firm** from the following:
> …
> (b) Offering or giving an incidental nonmonetary gift or gratuity to a person who has made a recommendation resulting in the employment of the **attorney or law firm**, provided that the gift or gratuity was not offered in consideration of any promise, agreement, or understanding that the gift or gratuity would be forthcoming or that referrals would be made or encouraged in the future.

(Bold face added.)

California Insurance Code § 12903.1 provides that:

> (a) The commissioner may not accept, use, or in any manner benefit from payments or reimbursements made to the department for travel from any of the following:
> …
> (2) **A private attorney or law firm** that is under contract or is bidding on or under consideration for a contract to represent either the department or the commissioner in his or her official capacity.
> (3) **A private attorney or law firm** that seeks to be awarded, or has been awarded, advocacy fees under subdivision (b) of Section 1861.10.
> (4) **A private attorney or law firm** that has a client subject to regulation by the commissioner.

(Bold face added.)

California Public Contract Code § 10353.5 provides that:

(a) Any contract for legal services shall contain the following provisions:

…

(6)(c)(4) "Contract for legal service," shall include any contract between a state agency **and any law firm, professional corporation, law firm partnership, or individual attorney** to perform legal work on behalf of the state agency.

(Bold face added.)

California Business and Professions Code § 6450 provides:

(a) "Paralegal" means a person who holds himself or herself out to be a paralegal, who is qualified by education, training, or work experience, who either contracts with or is employed by **an attorney, law firm, corporation, governmental agency, or other entity,** and who performs substantial legal work under the direction and supervision of an active member of the State Bar of California, as defined in Section 6060, or an attorney practicing law in the federal courts of this state, that has been specifically delegated by the attorney to him or her. Tasks performed by a paralegal include, but are not limited to, case planning, development, and management; legal research; interviewing clients; fact gathering and retrieving information; drafting and analyzing legal documents; collecting, compiling, and utilizing technical information to make an independent decision and recommendation to the supervising attorney; and representing clients before a state or federal administrative agency if that representation is permitted by statute, court rule, or administrative rule or regulation.

Federal courts are "obliged to give effect, if possible, to every word Congress used," *Baker v. G.C. Services Corp.*, 677 F.2d 775, 778 (9th Cir. 1982), (citing *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S. Ct. 2326, 60 L. Ed. 2d 931 (1979)). The same is true in California state courts. "Courts should give meaning to every word of a statute if possible, and should avoid a construction making any word surplusage.' " *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1118 (Cal. 1999), citing *Reno v. Baird* (1998) 18 Cal. 4th 640, 658 [76 Cal. Rptr. 2d 499, 957 P.2d 1333], quoting *Arnett v. Dal Cielo* (1996) 14 Cal. 4th 4, 22 [56 Cal. Rptr. 2d 706, 923 P.2d 1]

1    The Ninth Circuit has "consistently … reject[ed] interpretations that would
2    render a statutory provision surplusage or a nullity," *In re Cervantes*, 219 F.3d 955,
3    961 (9th Cir. 2000).    See also, *Lillywhite v. Superior Court of County of Los*
4    *Angeles*, 80 Cal. App. 533 (Cal. App. 1926) ("No single phrase or word of a law
5    will be held to be meaningless, but effect will be given to every word where it is
6    possible to do so consistently with the intent of the legislature as gathered from the
7    entire statute, and weighed by other established rules of statutory interpretation.").
8    Here it is clear that the California legislature never intended to include law firms in
9    its list of exemptions - if it had, it would have said so, just as it has in so many other
10   statutes.

11   Further still, Cal. Civ. Code § 1788.2(c) does not even say that the Act
12   excludes an attorney or counselor at law as a general proposition - the defendants
13   took their quote out of context.  The plain reading of section 1788.2(c) states that
14   "an attorney or counselor at law" is exempt only if that attorney or counselor at law
15   "composes and sells, or offers to compose and sell, forms, letters, and other
16   collection media used or intended to be used for debt collection."  This is also the
17   only way section 1788(c) can be read in harmony with the rest of California's
18   Rosenthal Act, which is required for statutory construction.  *Renee J. v. Superior*
19   *Court*, 26 Cal. 4th 735 (Cal. 2001) (When a court engages in statutory construction,
20   significance should be given to every word, phrase, sentence and part of an act in
21   pursuance of the legislative purpose.   When used in a statute words must be
22   construed in context, keeping in mind the nature and obvious purpose of the statute
23   where they appear.   Moreover, the various parts of a statutory enactment must be
24   harmonized by considering the particular clause or section in the context of the
25   statutory framework as a whole.") *Id.*, at 834.

26   Using the proper context, the Rosenthal Act expressly makes attorneys liable
27   in other parts of the act, and it is apparent that the state legislature intended
28   attorneys to be held liable in those situations.   For example, Cal. Civ. Code §

1788.16 provides that, "It is unlawful, with respect to attempted collection of a consumer debt, for a debt collector, creditor, **or an attorney**, to send a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued, or approved by a governmental agency or attorney when it is not." (Bold face added.)  If, as the defendants would have the court believe, attorneys are excluded as a general proposition, why does the legislature expressly make attorneys liable in portions of the California's Rosenthal Act?  If accepted, the clause of section 1788.16 regarding "an attorney" would be superfluous, and courts must strive to give meaning to every word in a statute and to avoid constructions that render words, phrases, or clauses superfluous.  *Klein v. United States of America*, 50 Cal. 4th 68, 80 (Cal. 2010); *Security Pac. Nat'l Bank v. Resolution Tr. Corp.*, 63 F.3d 900, 904 (9th Cir. 1995) ("We must avoid a construction which renders any language of the enactment superfluous.")

And this is not a unique situation.  28 U.S.C. 1927 provides that,

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Ninth Circuit has held that section 1927 does not apply to law firms as the statute provides for "any attorney."  *FTC v. Alaska Land Leasing, Inc.*, 799 F.2d 507 , 510 (9th Cir. 1986) (28 U.S.C. 1927 provides for sanctions not from a law firm, but "only from an attorney or otherwise admitted representative of a party" as 28 U.S.C. 1927 does not expressly state "law firms."  See also, *United Stars Indus. v. Plastech Engineered Prods.*, 525 F.3d 605 (7th Cir. Wis. 2008), citing *Claiborne v. Wisdom*, 414 F.3d 715 (7th Cir. 2005), stating that section 1927 authorizes awards against individual lawyers, but not law firms.

In its motion, Anaya looks to numerous unpublished decisions for the

premise that law firms are not regulated by California's Rosenthal Act, rather than the overabundance of published decisions that hold that law firms are regulated by California's Rosenthal Act.    Anaya particularly focuses on *Carney v. Rotkin*, claiming the cases stands for a proposition for which it does not stand.

In *Carney v. Rotkin*, 206 Cal. App. 3d 1513 (Cal. App. 2d Dist. 1988), the defendant, a debt collector, claimed it was not liable for its false statements while collecting a debt because Cal Civ Code § 47, which, the attorney claimed, provided the attorney with absolutely privileged.  In *Carney*, the court merely repeated what California's Rosenthal Act states in its statutory language, never ruling on, or even considering, the distinction between an attorney and a law firm.  *Carney v. Rotkin*, 206 Cal. App. 3d 1513, 1526 (Cal. App. 2d Dist. 1988) ("the act applies only to "debt collectors"; it specifically exempts attorneys from its coverage. ( Civ. Code, § 1788.2, subd. (c).))  Here, the complaint shows on its face that defendant attorney was not a "debt collector" within the meaning of the act.")   *Carney's* dicta that Anaya looks to, never even considers whether California's Rosenthal Act applies to "law firms."

Finally, after enacting California's Rosenthal Act, California's legislature passed Bus. & Prof. Code § 6077.5, which provides that "[a]n attorney and his or her employees who are employed primarily to assist in the collection of a consumer debt owed to another, as defined by California's Rosenthal Act, shall comply with all of the following: The obligations imposed on debt collectors pursuant to [California's Rosenthal Act]."  Here the California legislature imposed liability for California's Rosenthal Act on both attorneys and law firms.

### E.    The 15 day "cure" under the California's Rosenthal Act.

Defendants argue that they "corrected" some mistake they allege they made [Def.'s Opening Brief, p. 2:7], however, as can be seen above, their allegations under their theory of "money lent" continues even to this day; it has never been "corrected," much less, within 15 days.    The only correction that took place was

fourteen months after the defendants sued Mr. Afewerki, when the court dismissed Defendants' money lent allegation in state court.  Decl. of Alex Lim ¶ 7.

**III.   Conclusion**

This case could have, and should have, settled long ago.   However, the defendants simply refuse to take responsibility for their actions under the FDCPA and Rosenthal Act and keep holding on to futile arguments that are not provided for in law or fact.  For the reasons stated above, defendant's most recent motion must be denied.

**Respectfully submitted,**                    **Hyde & Swigart**

Date: July 20, 2015                    By:/s/ Sara Khosroabadi_____
                                       Sara Khosroabadi
                                       Attorneys for Plaintiff