Sara Khosroabadi, Esq. (SBN: 299642)
sara@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:          (619) 233-7770
Office Fax Number:      (619) 297-1022

Attorneys for Robel A. Afewerki

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robel A. Afewerki<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Anaya Law Group and Los Angeles Federal Credit Union<br><br>　　　　　Defendants. | **Case No: 2:14-cv-07132 RGK (JPRx)**<br><br>**Plaintiff's Motion for Reconsideration**<br><br>**Judge: Hon. R. Gary Klausner** |

## I. Introduction

Plaintiff Robel A. Afewerki ("Afewerki") respectfully requests that the Court grant reconsideration of the order dismissing this action, *Court's Dkt. #591* ("Order").

In the Order, the Court held that the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act") do not apply to false, deceptive, or misleading representations or means in connection with the collection of a debt if the representations or means might have been corrected at some future date. There is no legal basis for such a ruling, and it flies in the face of the plain language of the FDCPA and California's Rosenthal Act. Consequently, Afewerki believes the court committed clear error in its ruling, as outlined below, and requests the court reconsider on that basis.

## II. Argument.

### A. Standards Governing Motions For Reconsideration

Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. See *All Hawaii Tours, Corp. v. Polynesian Cultural Center*, 116 F.R.D. 645, 648 (D. Hawaii 1987), rev'd on other grounds, 855 F.2d 860 (9th Cir. 1988). There may also be other, highly unusual, circumstances warranting reconsideration. *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. Or. 1993).

### B. Brief factual background

As the court found, and recited in its order as follows:

> Here, the undisputed evidence shows the following: (1) On May 1, 1994, Afewerki entered into a VISA agreement ("Contract") with LAFCU (Pl.'s Response, No. 1); (2) On April 29, 2014, Anaya received an assignment from LAFCU to file a lawsuit against Afewerki to collect a debt on the VISA account

in the amount of $26,916.08, with a contractual interest rate of 9.65% (Id.); (3) On May 6, 2014, Anaya, as counsel for LAFCU, filed a complaint against Afewerki in state court alleging breach of contract and money lent (Pl.'s Response, No. 2; see Anaya Decl., Ex. E); (4) The state complaint alleged that the principle amount owed was $29,916.08 with a contractual interest rate of 9.965% (See Anaya Decl., Ex. B); (5) On June 6, 2014, Afewerki's counsel served on LACFU a Demand for Bill of Particulars (Pl.'s Response, No. 3); (6) On June 16, 2014, while preparing the response to the Bill of Particulars, Anaya discovered typographical errors in the complaint as to the principle amount owed and the contractual interest rate (Pl.'s Response, No. 4); (7) On June 18, 2014, Anaya filed in state court a Notice of Errata, which corrected the errors (Id.); (8) On June 20, 2014, Afewerki filed an Answer to the state complaint (Pl.'s Response, No. 6; Anaya Decl., Ex. C); and (9) On July 16, 2015, Judge Vicencia awarded summary judgment to LAFCU on either remedies for Breach of Contract with an interest rate of 9.65% or Money Lent with an interest rate of 10% ( Malek Decl., ¶ 5, Exs. B and C); (10) LAFCU elected its remedy under Breach of Contract (Malek Decl., ¶ 5).

Court's Dkt. #593, page 3 of 4, ¶ 1.

**C. In the court's order, the court erroneously relies on the idea that the misrepresentations made by the defendants here were immaterial because the state court would not have allowed judgment to be entered in reliance on those misrepresentations.**

The Ninth Circuit has held that when, as here, a debt collector makes a false statement in its state pleadings while collecting a debt, this conduct violates the FDCPA, and consequently, the California's Rosenthal Act. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1031-32 (9th Cir. 2010) and *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. Mont. 2011). Here that is exactly what the plaintiff allege's, and the defendants concede.

In the court's Order here, the court states that "judgment on default in California requires either proof by legal documents or a prove-up hearing. Therefore, even if Afeweki had not defended the action, the numbers misstated in

1 the complaint would not have resulted in an award greater than legally allowed."
2 *Court's Dkt. #593, Order, page 3 of 4, ¶ 2.* This suggests that the court believed
3 that state courts are required to review certain "legal documents" at a "prove-up
4 hearing," and ruled on that basis. This is not the case.

5 Cal. Code Civil Proc. § 585(a) states as follows:

> 585. Judgment may be had, if the defendant fails to answer the complaint, as follows:
>
> (a) **In an action arising upon contract or judgment for the recovery of money or damages only**, if the defendant has, or if more than one defendant, if any of the defendants have, been served, other than by publication, and no answer, demurrer, notice of motion to strike of the character specified in subdivision (f), notice of motion to transfer pursuant to Section 396b, notice of motion to dismiss pursuant to Article 2 (commencing with Section 583.210) of Chapter 1.5 of Title 8, notice of motion to quash service of summons or to stay or dismiss the action pursuant to Section 418.10, or notice of the filing of a petition for writ of mandate as provided in Section 418.10 has been filed with the clerk of the court within the time specified in the summons, or within further time as may be allowed, the clerk, upon written application of the plaintiff, and proof of the service of summons, **shall enter the default of the defendant or defendants**, so served, **and immediately thereafter enter judgment for the principal amount demanded in the complaint**, in the statement required by Section 425.11, **or** in the statement provided for in Section 425.115, **or** a lesser amount if credit has been acknowledged, together with interest allowed by law or in accordance with the terms of the contract, and the costs against the defendant, or defendants, or against one or more of the defendants. If, by rule of court, a schedule of attorneys' fees to be allowed has been adopted, the clerk may include in the judgment attorneys' fees in accordance with the schedule (1) if the contract provides that attorneys' fees shall be allowed in the event of an action thereon, or (2) if the action is one in which the plaintiff is entitled by statute

> to recover attorneys' fees in addition to money or damages. The plaintiff shall file a written request at the time of application for entry of the default of the defendant or defendants, to have attorneys' fees fixed by the court, whereupon, after the entry of the default, the court shall hear the application for determination of the attorneys' fees and shall render judgment for the attorneys' fees and for the other relief demanded in the complaint, in the statement required by Section 425.11, or in the statement provided for in Section 425.115, or a lesser amount if credit has been acknowledged, and the costs against the defendant, or defendants, or against one or more of the defendants.

Cal. Code Civ Proc. § 585(a) (Bold face added.)

Consequently, and contrary to this court's ruling, no "prove-up hearing" is required when granting a default judgment in these state court actions, and the idea that "judgment on default in California requires either proof by legal documents or a prove-up hearing," or that "even if Afeweki had not defended the action, the numbers misstated in the complaint would not have resulted in an award greater than legally allowed" is clear error and contrary to the plain language of both the FDCPA and California's Rosenthal Act.

Further, even if such a prove-up hearing was required, this issue does not address the fact that here Afeweki incurred actual damages by having to retain counsel to successfully convince the defendants to stop pursuing the $29,000.00 and 9.965% in interest, both false and inflated figures, that the defendant asserted was owing in their state action. In reality, and as the defendants admit, the actual figure was far less.

15 U.S.C. § 1692e(2)(A) expressly provides that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> 2) The false representation of—

…
(A) the character, amount, or legal status of any debt;

As the Ninth Circuit has stated, "Chief Judge Easterbrook explained that '[a]pplying an incorrect rate of interest would lead to a real injury' " *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. Wash. 2010). Applying the incorrect rate of interest is exactly what occurred here. This obviously applies to misstating the amount of the debt as well, which also occurred here.

Falsely stating "the … amount… of [the] debt" is *exactly* what both parties agree took place here. There is no dispute - the defendant falsely stated that the amount owed was over $3,000 more than what was actually owed. Plaintiff alleges, and the defendants agree, that the defendant falsely stated the amount of the debt. The court finds this as well in it order, stating, "4) The state complaint alleged that the principle amount owed was $29,916.08 with a contractual interest rate of 9.965%," when, in reality, "Anaya received an assignment from LAFCU to file a lawsuit against Afewerki to collect a debt on the VISA account in the amount of $26,916.08, with a contractual interest rate of 9.65%." *Court's Dkt. #593, page 3 of 4, ¶ 1*. This is exactly what Congress, and the California legislature, proscribed when it wrote the FDCPA and California's Rosenthal Act, respectively.

### III. Conclusion

For the foregoing reasons, Afewerki requests that the Court grant reconsideration of the Order, and that it enter a new order granting summary judgment for Afewerki on all claims.

| | |
|---|---|
| **Respectfully submitted**, | **Hyde & Swigart** |
| Date: August 27, 2015 | By: /s/ Sara Khosroabadi |
| | Sara Khosroabadi |
| | Attorneys for Plaintiff |