Sara Khosroabadi, Esq. (SBN: 299642)
sara@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:		(619) 233-7770
Office Fax Number:	(619) 297-1022

Attorneys for Robel A. Afewerki

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Robel A. Afewerki<br><br>                    Plaintiff,<br>v.<br><br>Anaya Law Group and Los Angeles Federal Credit Union<br><br>                    Defendants. | **Case No: 2:14-cv-07132 RGK (JPRx)**<br><br>**Plaintiff's Reply to Defendants Opposition to Plaintiff's Motion for Reconsideration**<br><br>**Judge: Hon. R. Gary Klausner**<br><br>DATE:     September 28, 2015<br>TIME:      9:00 am<br>CTRM:    850 |
|---|---|

I.  **Argument.**

A.  **It is improper for the defendants to make new arguments at this stage.**

"Speculation" has apparently become the latest battle cry for the defendants. However, nowhere in Defendants' motion for summary judgment [*Court's Dkt. # 37*], nor in Defendants opposition to Plaintiff's motion for summary judgment [*Court's Dkt. # 38*], nor in Defendants' reply to Plaintiff's opposition to that motion for summary judgment [*Court's Dkt. # 48*], nor in any other brief filed by the defendants, do the defendants ever argue anything about "speculation." Indeed, the defendants do not even mention the word "speculation" before their Opposition here. Now, after the court offered *obiter dictum* about "speculation" in its final order [*Court's Dkt. # 49*], one would think that "speculation" is what the defendants have argued all along. Now, in one ten page brief, the defendants use the word "speculation" *nine times,* when it has never argued this before. It is improper for the defendants to make new arguments at this stage, and Defendants have never even used the word "speculation" before now. However, even if such an argument had been made, it is inapposite to the issues at hand.

B.  **Neither the FDCPA nor the California's Rosenthal Act require the plaintiff to establish actual damages; statutory damages are adequate.**

The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act") are strict liability statutes. When a debt collector engages in the conduct prohibited by the FDCPA, that conduct provides for statutory damages, regardless of whether actual damages have been incurred. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. Cal. 2011) ("Prevailing plaintiffs, including class members, are entitled to actual damages, statutory damages, and attorney's fees and costs. 15 U.S.C. § 1692k(a)."); *Id.*, 660 F.3d at 1068. ("Statutory damages under both provisions are not tied in any way to actual losses suffered by the plaintiff. 15 U.S.C. 1692k(b).")

So when the defendants argue that it is possible that the state court judge would not have allowed the defendants to collect the amount the defendants falsely demanded, a scenario that is hard to imagine since such a course of events would be contrary to Cal. Code Civil Proc. § 585(a), they are asking the court to require from the plaintiff a demonstration of actual damages before the plaintiff can prevail.

However, the plaintiff does not need to show actual damages. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1067 (9th Cir. Cal. 2011) ("Statutory damages under the FDCPA are intended to "deter violations by imposing a cost on the defendant even if his misconduct imposed no cost on the plaintiff." *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 666 (7th Cir. 2001).) "Similarly, the Rosenthal Act does not limit recovery simply because it is also available under federal law. The Rosenthal Act specifically provides that its remedies are intended to be "cumulative and . . . in addition to any other . . . remedies under any other provision of law." Cal. Civ. Code § 1788.32." *Id.*, 660 F.3d at 1067. Further, actual damages *were* incurred here, in the form of attorneys' fees and costs in the state case.

The speculation that the court looked to, at the urging and misstatement of Cal. Code Civil Proc. § 585(a) by Anaya, and the speculation that the defendants now find to be such an epiphany, is the idea that "Afewerki's contention [that "Anaya misrepresented the amount of principal and interest in an attempt to collect more money than actually owed through default judgment"] is no more than pure speculation." *Court's Dkt. # 49, page 3, § 2*. By considering this as a factor, the court committed clear error. The court required that the plaintiff prove a reason for why Defendants violated the law, and also required that the plaintiff prove he would have been actually harmed by the violation of Defendants. However, through this admission of misrepresentation of the amount of the debt by the defendants, the defendants are admitting they violated the FDCPA and California's Rosenthal Act, which establishes a *per se* violation of the FDCPA since Congress has already held that such conduct is material.

The FDCPA imposes strict liability on creditors, including liability "for violations that are not knowing or intentional." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. Mont. 2011), citing *Reichert v. Nat'l Credit Sys.*, 531 F.3d 1002 (9th Cir. Ariz. 2008) at 1005. Why the defendants violated the FDCPA is irrelevant here. The fact is, they *did* violate the FDCPA, and they *admit* that they violated the FDCPA. Consequently, it is undisputed that the defendants violated both the FDCPA and California's Rosenthal Act through their false, deceptive, and misleading representations or means in connection with the collection of a debt. See 15 U.S.C. § 1692e and § 1692e(2)(A). The argument by the defendants concerning what the state court might or might not have done is not relevant. Debt collectors do not get to violate the FDCPA and then argue that a court might have later discovered the violation, so the violation does not count.

### C. Defendants violations are material.

Defendants repeatedly assert that knowingly demanding over $3,000 on a consumer debt is "immaterial." *Court's Dkt. # 56, page 7, ln 1*. This argument begs the question, "how much money do debt collectors have to unlawfully try to take from consumers before Defendants would find that amount to be material?" Here the defendants inflated the amount owed by $3,000, and then inflated interest on top of that amount. That is material.

As the Ninth Circuit has held, "[a]pplying an incorrect rate of interest would lead to a real injury" and would therefore be material. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. Wash. 2010). Applying an incorrect rate of interest is exactly what the defendant's admit they did here - it is not disputed. Defendants also applied the incorrect amount owed.

#### 1. Further, the question of materiality is inapplicable here.

Defendants admit that they falsely represented the amount of the debt, which violates the express language of the FDCPA pursuant to 15 U.S.C. § 1692e(2)(A). When Congress dictates that certain specific conduct violates the FDCPA, it has, by

definition, found that engaging in that specific conduct is a material violation of the FDCPA, and courts do not have the authority to interfere with that determination. *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. N.C. 2012) (The holding that the lower court erred by finding the consumer had failed to state a claim by not alleging the debt collection law firm "willfully" violated the FDCPA. The plain language of the FDCPA that imposes liability on "any debt collector who fails to comply with any provision" of the Act in § 1692k(a) making debt collectors liable without proof by the consumer of an intentional violation, unless the debt collector asserts a bona fide error defense.)  See also, *Massey v. On-Site Manager, Inc.*, 285 F.R.D. 239, 248 (E.D.N.Y. 2012), (15 U.S.C. § 1692e(11) mandates that debt collectors disclose in the initial communication with a consumer that they are attempting to collect a debt. The failure to give the required disclosure is actionable *per se*, without any requirement of materiality.  When there is a "flat-out prohibition against doing exactly what the defendant did here," materiality is not an issue for the court to consider.)

### D. The "typographical error" argument that the defendants keep repeating has been rejected by the Ninth Circuit.

Defendants repeatedly admit that they falsely represented the amount of the debt, which violates 15 U.S.C. § 1692e(2).  (15 U.S.C. § 1692e(2) states that it is a violation of the FDCPA to falsely represent "the character, amount, or legal status of any debt.")  Further, "any false representation or deceptive means to collect or attempt to collect any debt" violates the FDCPA as well.  See 15 U.S.C. § 1692e and § e(10).

However, Defendants argue that the reason they violated the FDCPA was due to a "typographical error."  True or not, under the FDCPA the *only* defense available to the defendants is the bona fide error defense under 15 U.S.C. § 1692k(a)(c), which the defendants have both waived.  The bona fide error defense is a "narrow exception to strict liability under the FDCPA [and] is an affirmative defense, so

[debt collectors bear] the burden of proof at summary judgment. [*Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1514 (9th Cir. Ariz. 1994)]." *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1177 (9th Cir. Or. 2006).

Here, not only did the defendants not sustain their burden under the bona fide error defense, they expressly *waived* any such argument. See *Court's Dkt. # 33* (In their Answer, Defendants do not invoke the affirmative defense of bona fide error pursuant to 15 U.S.C. § 1692k(a)(c).); See also, *Court's Dkt. # 47-3, Defendant Anaya Law Group's Response to Interrogatories, Response to Interrogatory No. 3* (In response to Plaintiff's interrogatory requesting evidence of any procedures reasonably adapted to avoid any such an error on 15 U.S.C. § 1692k(a)(c)), Anaya stated, "Defendant has not raised a bona fide error defense for which Plaintiff seeks discovery outside the scope of the facts in Plaintiffs complaint. … The information sought constitutes unwarranted annoyance, embarrassment, oppression, undue burden and expense." The plaintiff provided the defendants many opportunities to invoke the bona fide error defense and the defendants always rejected such an offer. See also, Declaration of Sara Khosroabadi, *Court's Dkt. # 47-1, ¶ 8* ("When asked in discovery for any "procedures reasonably adapted to avoid any such an error," Defendants refused to provide anything, again insisting the bona fide error defense was not asserted, and therefore not relevant. See Attached Exhibit B.") See also, *Id., ¶ 9,* ("Because the Defendants waived bona fide error we conducted no discovery on this issue as Defendants had already advised us they would not provide discovery on this issue, and they waived bona fide error defense.")

Finally, even if Anaya had not waived this defense, the Ninth Circuit has rejected such a claim of error as such a "mere assertion" is inadequate. In *Reichert v. Nat'l Credit Sys.*, 531 F.3d 1002 (9th Cir. Ariz. 2008), the Ninth Circuit rejected the assertion from a debt collector that it made a mistake. As the court stated:

> If the bona fide error defense is to have any meaning in the context of a strict liability statute, then a showing of

"procedures reasonably adapted to avoid any such error" must require more than a mere assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error. See *Wilhelm*, 519 F.3d at 421. Only then is the mistake entitled to be treated as one made in good faith. Because NCS submitted only a conclusory declaration stating that it maintained procedures, we hold that it failed to establish a bona fide error defense under the FDCPA.

*Reichert v. Nat'l Credit Sys.*, 531 F.3d 1002, 1007 (9th Cir. Ariz. 2008).

Here the defendants have never attempted to invoke the bona fide error exception, much less file a "conclusory declaration," and they have never attempted to show that it had "procedures reasonably adapted to avoid any such error," and never explained how such a procedure was adapted to avoid the error. Instead, the defendants expressly waived the bona fide error defense altogether. Consequently, it was plain error to place any weight on this claim of a "typographical error."

### E. The belief by the court, and the defendants, as to what the state court *might* have done at some future date is irrelevant.

In their Opposition, once again the defendants misstate the standard required in state court for a default judgment. Cal. Code Civil Proc. § 585(a) provides that:

> In an action arising upon contract or judgment for the recovery of money or damages only, if the defendant has, or if more than one defendant, if any of the defendants have, been served, other than by publication, and no answer, demurrer, notice of motion to strike of the character specified in subdivision (f), notice of motion to transfer pursuant to Section 396b, notice of motion to dismiss pursuant to Article 2 (commencing with Section 583.210) of Chapter 1.5 of Title 8, notice of motion to quash service of summons or to stay or dismiss the action pursuant to Section 418.10, or notice of the filing of a petition for writ of mandate as provided in Section 418.10 has been filed with the clerk of the court within the time specified in the summons, or within further time as may be allowed, the clerk, upon written application of the plaintiff, and proof of the service of summons, shall enter the default of the defendant or defendants,

> so served, *and immediately thereafter enter judgment for the principal amount demanded in the complaint*, in the statement required by Section 425.11…. (emphasis added)

This means that if the plaintiff had defaulted, the court would enter "judgment for the principal amount demanded in the complaint." Defendants also admit to this when they argue, "[i]f the determination of damages involves the exercise of discretion or the taking of evidence, the clerk has no power to enter the judgment, [*Court's Dkt. # 56, 3:18-20.*]" which, of course, demonstrates what the plaintiff here argues - contrary to the defendants' argument in their summary judgment, the taking of evidence in a default action is *discretionary*. There is no certainty that the state court would have discovered Defendants' duplicity. Further, any attorney that has ever been present at a default hearing knows that awarding whatever was asked for in the complaint is exactly what happens in every case.

However, such an argument is irrelevant. Again, the FDCPA and California's Rosenthal Act are strict liability statutes. The question is not "what might have happened in the future," but instead, the question is "did the defendants falsely represented the amount of the debt," which violates 15 U.S.C. § 1692e(2); and was the conduct engaged in by the defendants unfair or unconscionable under 15 U.S.C. § 1692f(1). It makes no difference if the state court might have caught the defendant's deceptions, and might have corrected those deceptions. The issue is simpler than that. Here the defendants freely admit that they falsely represented the amount of the debt by over $3,000, so unless falsely representing the amount of the debt by such a significant figure is immaterial, an absurd idea, the defendants violated the FDCPA and California's Rosenthal Act, by incorporation, and since Congress has determined that falsely representing the amount of the debt violates the FDCPA, materiality is not an issue. The defendants violated the FDCPA, and through those actions, violated California's Rosenthal Act

///

///

### F. Grounds for Reconsideration.

Defendants argue that the plaintiff did not discuss "two rules." The reason Fed. R. Civ. P. 60 was not discussed was that Rule 60 was not invoked. Fed. R. Civ. P. 59(e) was invoked and was discussed in detail. *Court's Dkt. # 52-1, § II, A.*

### G. Miscellaneous Topics

Defendants claim their "mistake was "**immediately corrected**." (Bold face is Defendants.) *Court's Dkt. # 56, 1:26.* This is untrue, but, again, irrelevant to this action other than to establish, yet again, that the defendants admit to violating the FDCPA and California's Rosenthal Act. In reality, however, the defendants only changed their complaint after the plaintiff had incurred the expense of retaining counsel and forcing the defendants to stop demanding amounts that the defendants knew were not even alleged to be owed. Defendants are wrong in their belief that they can correct their violations of the FDCPA when they are caught by counsel hired by consumers. *Arroyo v. Solomon & Solomon, P.C.*, 2001 U.S. Dist. LEXIS 21908, *38 (E.D.N.Y. Nov. 7, 2001) ("Defendant has no right under the FDCPA to "cure" his misrepresentation, and this court is not empowered to rewrite the statute.") The defendants only corrected their complaint after they were caught by plaintiff's counsel violating the law. To allow debt collectors to "cure," would decimate a consumer statute liberally drafted to protect consumers from abusive debt collecting.

## III. Conclusion

"Speculation" is not an issue here. With the FDCPA being a strict liability statute, the question is merely two-fold. First, did the defendants violate the prohibitions enumerated by the FDCPA? Clearly they did; the defendants admit to that. i.e. - *Court's Dkt. # 56, 1:25-26.* The second issue is whether the only defense allowed by the FDCPA should apply here, that of the bona fide error exception pursuant to 15 U.S.C. § 1692k(a)(c). Here the defendants waived this exception, so that ends that inquiry.

As to materiality, this has already been determined by Congress with regard to this conduct. Falsely stating the amount of the debt is a material violation of the FDCPA. See 15 U.S.C. § 1692e(2)(A). ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: … (2) The false representation of—A) the character, amount, or legal status of any debt; ….)

Clearly then, the court's final order [*Court's Dkt. # 49*] was clear error and should be reconsidered. For the foregoing reasons, Afewerki requests that the Court grant reconsideration of the Order, and that it enter a new order granting summary judgment for Afewerki on all claims.

**Respectfully submitted**,   **Hyde & Swigart**

Date: September 14, 2015   By:/s/ Sara Khosroabadi
   Sara Khosroabadi
   Attorneys for Plaintiff